UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ANTHONY JENKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 2:06cv388 |
| | ) |
| MICHAEL ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Award of Attorney's Fees and Costs Pursuant to the Equal Access to Justice Act", filed by the plaintiff, Anthony Jenkins ("Jenkins") on November 1, 2007. The Commissioner filed a response to the motion on November 11, 2007, to which Jenkins replied on November 28, 2007.

For the following reasons, the motion for award of fees and costs will be granted.

Discussion

"Under the EAJA, a court may award attorney's fees to a party who prevails against the United States where 'the court finds that the position of the United States was not substantially justified.'" 28 U.S.C. § 2412(d)(1)(A). The Commissioner's position is substantially justified if his conduct has "a reasonable basis in law and fact, that is, if a reasonable person could believe the position was correct." *Marcus v. Shalala,* 17 F.3d 1033, 1036 (7th Cir. 1994) (*quoting Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988)). The Seventh Circuit has defined substantial justification as follows:

> This Court has described the substantial justification standard as requiring that the government show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and

>    (3) a reasonable connection between the facts alleged and the legal theory
>    propounded.

*United States v. Hallmark Construction Company*, 200 F.3d 1076, 1080 (7th Cir. 2000)(citations omitted). *See accord Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The Commissioner bears the ultimate burden of proving that her position was substantially justified. *Id.*, citing *Marcus*, 17 F.3d at 1036.

In making a substantial justification determination, a district court should consider both the government's prelitigation conduct; that is, the actions or inactions giving rise to the instant litigation, as well as the government's conduct relative to the instant litigation. Id. "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil action." Id. Thus, EAJA fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position. Id. A decision by an Administrative Law Judge ("ALJ") constitutes part of the agency's pre-litigation conduct. *Sutton v. Chater*, 944 F.Supp. 638, 639 (N.D. Ill. 1996).

In support of his position, Jenkins argues that the Commissioner's pre-litigation and litigation conduct was not substantially justified. Jenkins notes that the Commissioner has the burden of proving his position was substantially justified.

Jenkins notes that this court found the following errors in the ALJ's decision and the Commissioner's litigation position. The medical expert provided testimony of significant symptoms and significant limitations suffered by plaintiff, the ALJ failed to include any discussion of this testimony in his decision, and this constitutes legal error under Herron v. Shalala, 19 F.3d 329, 333 (7th Cir. 1994). Also, the ALJ failed to properly analyze the treating

doctor's opinion concerning plaintiff's limitations, and this court noted the Commissioner's acknowledgment of this fact. While the Commissioner argued that Dr. Vyas' opinion "lacks any support", this court noted that the doctor's findings on neurological examination included significant and specific findings which at a minimum required the ALJ to explain how the doctor's findings on examination were inconsistent with his assessment.

The ALJ failed to follow clear legal precedent in failing to analyze the treating physician's opinion pursuant to 20 C.F.R. Sec. 416.927(d); and ignored significant evidence favorable to the plaintiff's claim by ignoring the medical expert's testimony in his decision. In addition, this court pointed out that the Commissioner's arguments in support of the ALJ's decision relied upon facts and theories not relied upon by the ALJ. Jenkins notes that such conduct by the Commissioner is contrary to Seventh Circuit precedent. Steele v. Barnhart, 290 F.3d 936, 941 (7th Cir. 2002)("[R]egardless whether there is enough evidence in the record to support the ALJ's decision, principles of administrative law require the ALJ to rationally articulate the grounds for her decision and confine our review to the reasons supplied by the ALJ. That is why the ALJ (not the Commissioner's lawyers) must 'build an accurate and logical bridge from the evidence to her conclusion.'"

The Commissioner, however, argues that a fair reading of the ALJ's decision demonstrates that though it was not adequately articulated, it nonetheless had record support. The Commissioner acknowledges that this court found that the ALJ's failure to "include in his opinion an analysis of the medical expert's opinion" required a remand. Order at 13. Yet the Commissioner argues that the medical expert's testimony provided at least some support for the ALJ's RFC assessment even if, as this court indicated, "the record on this point is far from

3

clear." Order at 13.  The Commissioner points out that the ALJ asked the medical expert, Dr. Jilhewar, whether it was reasonable, given his impairments to restrict Jenkins to sedentary work with the following limitations: no climbing; nor work at unprotected heights, or near dangerous machinery, open flames, or bodies of water; could perform frequent fine finger manipulation with the left dominant hand, but not fine finger manipulation with the right hand; and could perform gross manipulation with both hands.  The medical expert testified that such limitations were reasonable.   Thus, the Commissioner argues that although the ALJ ultimately found that Jenkins could perform a range of light work, consistent with the opinion of the state agency physician in Exhibit 3F, he nonetheless noted that his RFC assessment was "based on the testimony adduced at the hearing, as well as the medical and other evidence of record".  Further, the ALJ explained that he based his light, rather than sedentary RFC, on the opinions of the state agency reviewing physician.  Again, the Commissioner acknowledges that this court concluded that the ALJ should have articulated his rationale for not adopting Dr. Jilhewar's opinion regarding sedentary work and that his failure to properly analyze that opinion required remand.  Yet the Commissioner argues that the government reasonably argued that any such error was harmless, and that its argument had a basis in law and in fact.  The Commissioner further argues that while this court concluded that the ALJ did not adequately articulate his consideration of Dr. Jilhewar's testimony, the ALJ's reliance on the VE's testimony, which incorporated limitations suggested by Dr. Jilhewar, provided at the very least, substantial justification for the ALJ's decision and the government's defense thereof.   The Commissioner concludes that even though the ALJ did not fully explain his decision, there was nonetheless some record evidence to support it.

4

      The Commissioner also acknowledges that this court concluded that "the ALJ has failed to explain how these findings are inconsistent with Dr. Vyas' assessment that the Plaintiff could not use his hands for sustained, repetitive fine manipulation throughout the work day." Order at 15. The Commissioner argues that the ALJ's failure to explain his findings does not demonstrate that the government's position was not substantially justified. The Commissioner points out that this is not a case where the ALJ ignored Dr. Vyas' opinion, nor is it a case where the Commissioner claimed that the ALJ was not required to provide an evaluation of Dr. Vyas' opinion. The Commissioner argues that in this case, the ALJ acknowledged the entirety of Dr. Vyas' opinion and concluded that he could not credit the manipulation limitations suggested because Jenkins could play cards and perform automobile mechanic work. The Commissioner notes that he conceded that the ALJ's discussion failed to adequately articulate a rationale for rejecting Dr. Vyas' opinion in its entirety. Thus, with respect to Dr. Vyas' opinion, the ALJ primarily erred only by failing to sufficiently articulate his reasons for rejecting that opinion. The Commissioner takes the position that the ALJ's inadequate articulation in no way requires a finding that the government's position was not substantially justified.

      The Commissioner points out that this court acknowledged that the government's argument that Dr. Vyas' status as a treating physician was dubious given he had only seen Jenkins a few times, could have provided a basis for giving that opinion less weight. This court noted that the ALJ did not make any such statement in his decision. Order at 15.

      The Commissioner relies on Conrad v. Barnhart, 434 F.3d 987 (7th Cir. 2006). In Conrad, the ALJ failed to make any reference to a physician's opinion that the claimant could work only part-time, at step four of the sequential evaluation, and the government argued that the

5

"part-time limitation appeared to reflect Conrad's preferences rather than Dr. Kissel's assessment of her functional capabilities, and therefore was properly not mentioned by the ALJ. Id. At 990.  When considering whether the government was substantially justified, the district court observed that the ALJ did not characterize the physician's report in that manner, and that principles of administrative law required the ALJ to articulate grounds for her decision and the court was required to confine its review to reasons supplied by the ALJ.  Id.  Nonetheless, the district court found the government substantially justified.  On appeal, the Seventh Circuit found that the ALJ's failure to follow the articulation rule identified in SSR 96-8p, that he consider and explain why he did not adopt treating source opinions which conflicted with the ALJ's ultimate RFC assessment, was nonetheless substantially justified.  Id.  The Commissioner argues that in Conrad, though the government advanced reasons not explicitly provided by the ALJ, that did not necessarily render the government's position unjustified, and the same result should obtain here.

Lastly, the Commissioner points out that with respect to at least one issue raised by Jenkins, this court concluded that the government was not only substantially justified, it was correct.  Specifically, while Jenkins argued that the ALJ failed to follow the requirements of Social Security Ruling 00-4p, the court rejected Jenkins claim, based on the Ruling and Prochaska v. Barnhart, 454 F.3d 731, 735 (7th Cir. 2006), and agreed with the Agency that neither authority required that the ALJ ask about any conflicts between the DOT and the VE's testimony, only after the VE provided that testimony.  Order at 15-16.

However, as Jenkins notes,  most important in considering whether or not the Commissioner's position was substantially justified is the fact that the ALJ completely ignored

6

the testimony of the medical expert, Dr. Jilhewar, who provided substantial testimony in this case, and the Commissioner's litigation position which defended the ALJ despite his failure to mention Dr. Jilhewar's testimony. This Court held that the ALJ erred in failing to mention and analyze Dr. Jilhewar's opinion, citing *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) in support. (Opinion and Order, p. 12-13.) The ALJ called upon Dr. Jilhewar to testify at the hearing (AR. 70), and having done so, he was not free to then ignore the doctor's opinion. According to the court in *Sayles v. Barnhart*, 2001WL 1568850, No. 00C7200, *9 (N.D. Ill. Dec. 7, 2001):

> Case law in the Seventh Circuit holds that "[a]n ALJ may not simply select and discuss only that evidence which favors his [or her] ultimate conclusion. Rather, an ALJ's decision must be based upon consideration of all the relevant evidence." See, e.g., Smith v. Apfel, 231 F.3d 433, 438 (7th Cir.2000) (citations omitted). We believe that this general rule has special force in cases where the ALJ solicits the testimony and opinions of a vocational expert at Step 5, but then proceeds to disregard this testimony without explanation. See, e.g., Griffin v. Massanari, No. 00 C 7109, 2001 WL 1064476, * 10 (N.D.Ill., Sept. 13, 2001) ("[h]aving elicited the testimony of a vocational expert, the ALJ was not entitled to simply ignore significant portions of it").

When an ALJ's decision violates "clear and long judicial precedent" a finding of a lack of substantial justification is warranted. *Golembiewski*, 382 F.3d at 724. Even where evidence minimally impacts a claimant's functioning, the law does not permit the ALJ to ignore the evidence altogether. *Id.* at 724-25. *See also Herron*, 19 F.3d at 334 (even if evidence is "sparse" concerning an impairment the ALJ is not free to ignore it). Yet, Dr. Jilhewar did not provide minimal or sparse evidence, but critical evidence. The ALJ found that one of plaintiff's impairments was kidney disease. (AR. 19, par. 2.) Dr. Jilhewar testified that plaintiff's renal disease was quite severe, stating that his kidney capacity was 95% "already gone" (5% functioning) (AR. 430), and that plaintiff's complaints of memory loss, concentration difficulties

7

and working at a slow pace were all attributable to his chronic renal disease. (AR. 430-431.) Yet despite finding that plaintiff suffered from renal disease, and despite the fact that the ALJ himself requested that Dr. Jilhewar testify at the hearing to help him understand the medical aspects of the case, the ALJ ignored Dr. Jilhewar's testimony concerning the impact of the renal disease. The ALJ's residual functional capacity findings, which did not include any memory, concentration or pace limitations, did not have a reasonable basis in fact, and did not provide "a reasonable connection between the facts alleged and the legal theory propounded", given the lack of any mention of Dr. Jilhewar's testimony.

Jenkins further correctly notes that The Commissioner's attorney also relied on significant post-hoc rationalization in defending the ALJ's decision. As the district court noted in *Banks v. Barnhart*, 2003 WL 22019796, at *3, (N.D.Ill. 2003):

> An ALJ's failure to articulate properly the evidence he considered in making his decision does not always by itself render the Commissioner's position without substantial justification, because "the requirement that the ALJ articulate his consideration of the evidence is deliberately flexible." *Stein v. Sullivan*, 966 F.2d 317, 319 (7 Cir.1992). However, the rule that the court's review of an administrative decision is limited to the grounds provided by the agency is clearly established. *See SEC v. Chenery*, 318 U.S. 80, 92, 63 S.Ct. 454, 87 L.Ed. 626 (1943). It has been applied in the context of Social Security cases in numerous decisions by the Seventh Circuit such as *Connor v. Sullivan*, 938 F.2d 70, 73 (7th Cir.1991). Unlike the requirement in Stein, this requirement is not flexible.

The purpose of the Equal Access to Justice Act is to provide incentive for attorneys to represent claimants with grievances against government action, because without such incentive many, if not most, citizens would be unable to afford to redress wrongful government action. *See*

8

*Crosby v. Halter*, 152 F.Supp.2d 955, 961 (N.D.Ill. 2001):

> One of Congress' expectations in enacting the EAJA was to attract private counsel to represent meritorious disability claimants. Congress was concerned that persons "may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved." *Sullivan v. Hudson*, 490 U.S. 877, 883, 109 S.Ct. 2248, 2253, 104 L.Ed.2d 941 (1989).

This court agrees with Jenkins that no amount of post-hoc rationalization by the Commissioner can render the government's position substantially justified. Therefore, Jenkins' petition for fees will be granted. The government's action was unreasonable in this case and the EAJA was specifically designed to provide fees to attorneys that assist their clients in seeking redress.

Jenkins has asked for EAJA fees in the amount of $11,797.62[1], payable directly to attorney Barry A. Schultz. The Commissioner contends that Jenkins is seeking excessive fees. The Commissioner argues that Social Security law has not changed much over the years and that some of Jenkins' brief contains boilerplate argument for the sequential evaluation and standard of review. The Commissioner further notes that Jenkins' attorney has a "brief bank", and implies that the attorney need not have spent much time on a brief in this case. Rather inexplicably, the Commissioner chastises Jenkins' counsel for conducting research in this case, stating that since he has researched the issues before he need not do so again.

Jenkins acknowledges the use of boiler plate language, but explains that if he didn't use boiler plate language his fees would be even higher. Jenkins also points out that the use of a brief bank enhances his efficiency, but explains that even if a case is found in the brief bank,

---

[1] Jenkins is seeking recompense for 63.4 hours of attorney time, at $165.93 per hour, in addition to 7.7 hours at $165.93 per hour for drafting the reply brief.

9

cases must still be read to determine whether the facts of a given case are similar to the case at hand.  Likewise, Jenkins explains that new research must be undertaken for each case, to insure that any new law or cases are included in the analysis.

This court agrees with Jenkins that his fee request is reasonable.  This court utilizes boilerplate language and also maintains a computerized bank of legal precedent.  Yet, like Jenkins' attorney, the court must conduct new research every time a case is presented, which research is often time-consuming.  Thus this court fully understands Jenkins' attorneys method of drafting briefs.  Jenkins' attorney is to be commended for his use of time-saving methodologies, not penalized.  Jenkins' briefs before this court have been very high-caliber, especially for a Social Security appeal.  It is apparent that Jenkins' attorney has spent his time wisely in this case, and the court will award his full fee request.

## Conclusion

On the basis of the foregoing, Jenkins' request for EAJA fees [DE 24] is hereby GRANTED.  Jenkins is hereby AWARDED fees in the amount of $11,797.62, payable to attorney Barry A. Schultz.

Entered: February 12, 2008.

s/ William C.  Lee  
William C. Lee, Judge  
United States District Court

10